UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIAM FILLMORE,

    Petitioner,                        3:04-cv-0715-JCM-VPC

vs.

                                      **ORDER**

MICHAEL BUDGE, *et al.*,

    Respondents.

_____/

Introduction

       This is a habeas corpus action pursuant to 28 U.S.C. § 2254.  The *pro se* petitioner, William Fillmore, was convicted, upon a jury verdict, in Nevada's Fourth Judicial District Court, of attempted murder with use of a deadly weapon.  Petitioner was sentenced to two consecutive sentences of 32 to 144 months.  Petitioner's direct appeal and state habeas petition were unsuccessful.

       Petitioner initiated this federal habeas corpus action in 2004.  The habeas petition was filed on March 11, 2005, after the matter of payment of the filing fee was resolved (docket #6). Respondents have filed an answer (docket #14).  Petitioner has filed a reply (traverse) (docket #18).

<u>Exhaustion of Ground 15</u>

In their answer, respondents contend that one claim in the habeas petition -- ground 15 -- is unexhausted in state court. *See* Answer, p. 13.

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971).

To exhaust a claim, a petitioner must fairly present that claim to the State's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)(*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

In Ground 15, petitioner asserts that the "District Court erred in allowing the prosecution to introduce prior Bad Act evidence, in violation of Petitioner's right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution." Petition for Writ of Habeas Corpus (docket 6), p. 31A.

Petitioner argues that he raised this claim on his direct appeal. *See* Reply (docket #18), pp. 44-47. On his direct appeal, petitioner argued that the "District Court erred in allowing the prosecution to introduce prior bad act evidence." Appellant's Opening Brief, Exhibit 5 to Answer (docket #15), p. 21. There, however, petitioner made no claim that the introduction of the evidence of his prior bad acts violated his federal constitutional rights. *See id*. at 21-23. Rather, petitioner argued that the introduction of the prior-bad-act evidence ran afoul of the ruling in a Nevada Supreme Court case, *Tavares v. State*, 117 Nev. 725, 30 P.3d 1128 (2001). The *Tavares* case imposed, in Nevada, a requirement that a limiting jury instruction be given when prior-bad-act evidence is introduced. The holding in *Tavares* was not grounded on federal constitutional principles. In fact, in *Tavares*, the Nevada Supreme Court stated explicitly: "the failure to give a limiting instruction on the use of uncharged bad act evidence is a nonconstitutional error...." *Tavares*, 117 Nev. at 732, 30 P.3d at 1132. There simply was nothing in petitioner's argument based on *Tavares*, or in his argument elsewhere in his briefing before the Nevada Supreme Court, to indicate any claim by petitioner that the introduction of the prior-bad-act evidence violated his federal constitutional rights.

Petitioner did not alert the Nevada Supreme Court that he meant to assert a claim under the federal constitution, and petitioner certainly did not make the any federal component of the claim explicit, either by citing federal law or the decisions of the federal courts. *See Hiivala, supra*; *Lyons*, *supra*. Ground 15 of the habeas petition in this action is unexhausted in state court.

Consequently, the petition is a "mixed" petition – one containing both claims exhausted in state court and one claim not exhausted in state court. Under the circumstances, the court will require petitioner to make an election. Petitioner must do one of the following:

(1) abandon the unexhausted claim (grounds 15), and proceed with this action on the remaining exhausted claims; or (2) move for a stay of this action, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court and exhaust the unexhausted claim.

If petitioner is to return to state court, to exhaust his unexhausted claim, without suffering a statute of limitations bar to further federal habeas litigation, this case must be stayed, rather than dismissed. This is because the Supreme Court has held that the statute of limitations applicable to federal habeas cases is not tolled during federal habeas cases themselves. *See Duncan v. Walker,* 533 U.S. 167 (2001). In light of *Duncan*, it is likely that the limitations period applicable to petitioner's federal habeas litigation has run out, during the pendency of this action; if this action is dismissed, it is doubtful that petitioner would be able to return to federal court and initiate a new federal habeas action. Therefore, a stay would be necessary if petitioner is to exhaust ground 15.

However, in *Rhines*, the Supreme Court placed limitations upon the discretion of district courts to facilitate habeas petitioners' return to state court to exhaust claims. The Court stated, in *Rhines*:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. In view of *Rhines*, if petitioner wishes to return to state court to exhaust his unexhausted claims, he must make a showing of good cause for his failure to exhaust the claim that appears in ground 15 of his petition, and he must show that the claim is not plainly meritless.

4

Expansion of the Record

Respondents filed 14 exhibits with their answer (docket #15). The court has examined those exhibits, and finds that them to be insufficient for the resolution of the many substantive claims in this action.

Therefore, pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will require respondents to expand the record by filing supplemental exhibits. Respondents shall file a copy of the entire record from the trial court, a copy of the entire record from petitioner's direct appeal, and a copy of the entire record from petitioner's state habeas proceedings. Respondents need not file new copies of the 14 exhibits already filed by respondents. Respondents should number the supplemental exhibits beginning at 15, where the exhibits already filed left off.

The court will grant respondents 45 days to file the supplemental exhibits. In view of the time this case has been pending, without an adequate record filed by respondents, the court will not be inclined to extend this due date, absent a showing of extraordinary circumstances.

**IT IS THEREFORE ORDERED** that, no later than **July 11, 2008**, petitioner shall do one of the following: (1) file and serve a notice of abandonment of claim, stating that he wishes to abandon ground 15 of his habeas petition; or (2) file and serve a motion for stay, requesting a stay of this action, and attempting to make the required showing fur such a stay, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court and exhaust his unexhausted claim.

**IT IS FURTHER ORDERED** that, if petitioner files and serves a motion for stay, respondents shall have 30 days to respond to such motion, and petitioner shall thereafter have 30 days to reply.

**IT IS FURTHER ORDERED** that, if petitioner files and serves a notice of abandonment of claim, abandoning ground 15, the court will proceed to address the remainder of petitioner's claims on the briefing already filed by the parties.

**IT IS FURTHER ORDERED** that if petitioner fails to make an election, as required by this order, his mixed petition for writ of habeas corpus may be dismissed, in its entirety, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS FURTHER ORDERED** that respondents shall have 45 days from the date of entry of this order to expand the record, by filing, and serving upon petitioner, supplemental exhibits, as described above.

Dated this 6th day of June, 2008.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE